J-S40019-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAFAEL SANTIAGO | : | |
| | : | |
| Appellant | : | No. 2257 EDA 2021 |

Appeal from the PCRA Order Entered October 6, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No.:  CP-51-CR-0711621-1998

BEFORE:  PANELLA, P.J., STABILE, J., and KING, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 28, 2023**

Appellant Rafael Santiago *pro se* appeals from the October 6, 2021 order of the Court of Common Pleas of Philadelphia County ("PCRA court"), which dismissed as untimely his second petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we affirm.

The facts and procedural history of this case are undisputed.  As fully recounted by the PCRA court:

> On July 8, 1998, Appellant shot and killed Jose Navarro at Franklin and Pikes Street, Philadelphia, PA.  Jose Navarro was shot two to three times, once in the back of the shoulder, once to the back of the right arm, and once in the right side of the abdomen.  The cause of death was multiple gunshot wounds, and the manner of death was homicide.  On July 13, 1998, Appellant was arrested for the shooting death of Jose Navarro.  There were two civilian eyewitnesses that testified at trial for the Commonwealth, Ricardo Vasquez and Gladys Perez-Vasquez.  Appellant was charged with murder, 18 Pa.C.S.A. § 2502; carrying firearms/public street or place, 18 Pa.C.S.A. § 6108; criminal conspiracy, 18 Pa.C.S.A.

§ 903; carrying firearms without license, 18 Pa.C.S.A. §6106; and possessing instruments of crime weapon, 18 Pa.C.S.A. § 907.

On July 22, 1998, Appellant had a preliminary hearing before the Honorable Harvey W. Robbins and was held on all charges. Appellant was tried by a jury before the Honorable James L. Lineberger that began on March 29, 2001 and concluded April 6, 2001. The jury found Appellant guilty, and the court sentenced him to [life imprisonment followed by two to six years' incarceration.]

Appellant filed a timely appeal, but no brief was filed. On June 4, 2003, a PCRA petition was filed for reinstatement of appellate rights which was granted *nunc pro tunc*. On June 11, 2003, a timely appeal to the Superior Court was filed (1824 EDA 2003). On November 8, 2004, the Superior Court affirmed judgment of sentence. No petition for allowance of appeal to the Pennsylvania Supreme Court was filed by the petitioner.

On March 16, 2005, Appellant filed a timely PCRA petition. On March 23, 2007, the PCRA court denied the amended petition without an evidentiary hearing. An Appeal to the Superior Court was filed (1062 EDA 2007). On July 16, 2007, [this Court] dismissed the appeal for failing to file a brief. On July 6, 2009, Appellant filed a PCRA petition for reinstatement of appellate rights. On January 29, 2010, the PCRA court reinstated appellate rights *nunc pro tunc*. On February 9, 2010, Appellant filed an appeal to [this Court] (444 EDA 2010). On February 7, 2012, [we] affirmed the denial by the PCRA court. On February 8, 2016, Appellant filed his [second] PCRA petition raising the issue of after-discovered evidence. Counsel was court-appointed on August 6, 2020. On April 11, 2021, counsel filed a no-merit letter pursuant to **Commonwealth v. Finley**, [550 A.2d 213 (Pa. Super. 1988) (*en banc*)]. Appellant filed *pro se* responses.

PCRA Court Opinion, 5/5/22, at 1-3 (unnecessary capitalizations and footnote omitted). Following the filing of a Pa.R.Crim.P. 907 notice of intent to dismiss the petition without a hearing, the PCRA court dismissed the petition on October 6, 2021. On that same day, the PCRA court granted counsel's motion

to withdraw. Appellant *pro se* timely appealed. The PCRA court did not direct Appellant to file a Pa.R.A.P. 1925 statement of errors complained of on appeal.

On appeal, [1] Appellant argues only that the PCRA court erred in denying his petition without a hearing "where Appellant presented after-discovered exculpatory evidence in the form of an affidavit from Lucy Gilbert and sufficiently raised an issue of material fact in his filings[.]" Appellant's Brief at 6.

It is settled that the PCRA contains the following restrictions governing the timeliness of any PCRA petition.

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

---

[1] "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination 'is supported by the record and free of legal error.'" ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014) (quoting ***Commonwealth v. Rainey***, 928 A.2d 215, 223 (Pa. 2007)).

> period provided in this section and has been held by
> that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1)
> shall be filed within sixty days of the date the claim could have
> been presented.[2]
>
> (3) For purposes of this subchapter, a judgment becomes final at
> the conclusion of direct review, including discretionary review in
> the Supreme Court of the United States and the Supreme Court
> of Pennsylvania, or at the expiration of time for seeking the
> review.

42 Pa.C.S.A. § 9545(b).   Section 9545's timeliness provisions are jurisdictional.   **Commonwealth v. Ali**, 86 A.3d 173, 177 (Pa. 2014). Additionally, we have emphasized repeatedly that "the PCRA confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Commonwealth v. Robinson**, 837 A.2d 1157, 1161 (Pa. 2003) (citations omitted).

Here, on November 8, 2004, a panel of this Court affirmed  Appellant's judgment of sentence.  **Commonwealth v. Santiago**, 867 A.2d 650 (Pa. Super. 2004).  As a result, his sentence became final on December 8, 2004, more than 18 years ago.  **See** 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(a).

---

[2] Section 9545(b)(2) was recently amended, effective December 24, 2018, to extend the time for filing from sixty days of the date the claim could have been presented to one year.  The amendment applies only to claims arising on or after December 24, 2017.  Thus, this amendment does not apply to Appellant's PCRA petition because it was filed prior to the amendment's effective date.

Accordingly, the instant petition is facially untimely because it was filed on February 8, 2016.

The one-year time limitation, however, can be overcome if a petitioner alleges and proves one of the three exceptions set forth in Section 9545(b)(1)(i)-(iii) of the PCRA. **See Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008). Here, Appellant has failed to prove at any stage of the proceeding any exceptions to the one-year time bar. Although he appears to invoke the newly-discovered facts exception, he does not tell us how he satisfied the sixty-day period in subsection 9545(b)(2) for invoking the exception.

As the PCRA court aptly explained:

Appellant attempted to satisfy the "previously unknown fact" exception, § 9545 (b )(1 )(ii) by claiming that the he had an alibi witness. Appellant included an affidavit from Lucy Gilbert dated January 22, 2016. In the affidavit Lucy Gilbert said she was on the phone with Appellant just prior to the shooting. She walked out of her house and saw three males, two African American and one Hispanic. Lucy Gilbert claims she then saw an African American male pull out a gun and shoot a Hispanic male. She then ran into her house due to fear. Appellant is unable to show that this is a new fact that he could not have presented early by exercising due diligence. Appellant knew this witness before he was arrested and tried for the murder.[3] Defense counsel

---

[3] As we frequently have explained:

The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his

*(Footnote Continued Next Page)*

presented Eliona Rodriquez as an alibi witness at trial and therefore there is no reason to believe counsel would not have presented Lucy Gilbert's testimony as well. In a prose pleading, Appellant claims counsel refused to present Lucy Gilbert, or another woman named Dawn as alibi witnesses.[4] However, that further highlights that this information is not a new fact that could not have been presented in an earlier timely filing. This kind of presentation fell woefully short of Appellant's obligation to explain how one of the statutory exceptions applied.

PCRA Court Opinion, 5/5/22, at 4 (footnote omitted). We agree with the PCRA court's analysis. Appellant simply is unable to overcome the PCRA's one-year time-bar on the record before us. Consequently, the PCRA court did not err in dismissing as untimely and without a hearing his second PCRA petition.

Order affirmed.

_____

own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.

*Commonwealth v. Brown*, 111 A.3d 171, 176 (Pa. Super. 2015) (citations and quotation marks omitted), *appeal denied*, 125 A.3d 1197 (Pa. 2015).

[4] Appellant at no point alleged counsel's ineffectiveness for failing to present Lucy Gilbert's testimony at trial. That issue now is waived, as Appellant failed to raise it with the trial court or on direct appeal. *See Commonwealth v. Wharton*, 811 A.2d 978, 984-85 (Pa. 2002); 42 Pa.C.S.A. § 9544 ("For purposes of [the PCRA], an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding.").

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/28/2023